**SLIFKA et al. v. JOHNSON, Collector of Internal Revenue.**

District Court, S. D. New York.

May 22, 1945.

Pfeiffer & Crames, of New York City (Alexander Pfeiffer and Monroe Steinhacker, both of New York City, of counsel), for plaintiffs.

John F. X. McGohey, U. S. Atty., of New York City (Marvin M. Notkins, Asst. U. S. Atty., of New York City, of counsel), for defendant.

MANDELBAUM, District Judge.

This action is brought by the executors of the estate of George Schustek, to recover the sum of $18,719.68 with interest, paid to the defendant as Collector of Internal Revenue and claimed to have been erroneously assessed.

The problem presented here is whether the proceeds of 12 insurance policies were properly included in the gross estate of the decedent. The answer to that problem depends on whether transfers by the decedent in 1936 of the 12 policies to his wife were either in contemplation of death or to take effect in possession or enjoyment at or after death, within the meaning of Sec. 302(c) of the Revenue Act of 1926, as amended, 26 U.S.C.A.Int.RevCode, § 811 (c).

The plaintiffs assert that the transfers of the 12 policies were not in contemplation of death, and in support of their position, they rely chiefly on testimony that the decedent, Schustek, was in good health, that he was 45 years of age when the transfers were made in 1936, and had a long life expectancy at that time.

On the other hand, the government takes the position that the transfers were in contemplation of death, and relies on evidence that the dominant purpose of Schustek in transferring the policies was to avoid estate taxes. Letters from Schu-

stek's agent sent to the insurance companies together with letters of authorization from Schustek, stated that "the above change * * * is for the purpose of avoiding payment of taxes". No other purpose is indicated or mentioned in these letters.

It further appears that George Schustek died in 1941. Between 1919 and 1936, the 12 policies were issued on his life by 6 insurance companies. In 1936, the policies were rewritten giving to decedent's wife the effective ownership and control over the policies. In at least some of the policies the pre-decease of decedent's wife and daughter and the possible children of the daughter, would have resulted in a reverter of the policies to the decedent. In some of the policies, whether there was a possibility of reverter is problematical. However, since I am confining myself to a consideration of whether or not the transfers were made in contemplation of death, the court is not concerned with the extent of decedent's reversionary rights. Schustek continued until his death to pay premiums on the policies. The wife never received during his lifetime any benefits by exercising her powers nor did she in any way alter the fundamental scheme for distribution of the proceeds.

■ Where a gift is dictated by more than one motive, one of which is a desire to dispose of the property after the donor's death, the inclusion of the property within the donor's testamentary estate depends on which motive preponderates. United States v. Wells, 283 U.S. 102, 51 S.Ct. 446, 75 L.Ed. 867.

■ Here, the taxpayer seeking to recover the taxes alleged to have been erroneously assessed has the burden of proving that the gift was not made in contemplation of death. The evidence of decedent's good health has contributed nothing to plaintiff's case. First Trust & Deposit Co. v. Shaughnessy, 2 Cir., 134 F.2d 940. A transfer in contemplation of death is not limited in scope to transfers in immediate expectancy of death.

■ Schustek's dominant purpose in effecting the transfer appears to have been to escape estate taxes. The donation to the wife of certain powers was a mere incident to the accomplishment of that purpose.

■ Accordingly, I am constrained to find that the transfers of the policies were made in contemplation of death within the meaning of Sec. 302(c) of the Revenue Act of 1926, as amended and that the proceeds were therefore properly included in decedent's gross estate.

Therefore, it becomes unnecessary for me to pass upon plaintiffs' contention that the transfers were not intended to take effect in possession or enjoyment at or after death.

Judgment in favor of the defendant and the complaint is dismissed, without costs.

### Findings of Fact

1. The facts contained in Paragraphs 1 through 9 inclusive, 12 and 13 of the stipulation of facts, dated April 10th, 1945, and received as Exhibit 2 in this action are hereby incorporated herein and found as facts in this action.

2. The decedent, George Schustek, was in good health at the time of the transfers of the insurance policies which are the subject matter of this litigation and did not anticipate imminent death at the time of such transfers.

3. The preponderant motive of the decedent, George Schustek, in transferring the said insurance policies to his wife was to avoid estate taxes.

4. The transfers were made by the decedent, George Schustek, in contemplation of death.

### Conclusions of Law

1. The insurance policies which are the subject of this action were transferred by the decedent, George Schustek, in contemplation of death within the meaning of that phrase as it is used in Sec. 302(c) of the Revenue Act of 1926, as amended.

2. The sum of $18,719.68, with interest, constituting the portion of the amount of federal estate tax and interest paid to the defendant as Collector of the Third Internal Revenue District of New York upon an assessment against the estate of George Schustek, deceased, which is the sum sought to be recovered in this action was properly assessed as estate taxes and collected from the plaintiffs in accordance with law.

The complaint is dismissed without costs.