Josephine F. **BENNETT**, etc., and Harris Trust and Savings Bank, etc., Plaintiffs-Appellants,

v.

**UNITED STATES of America,** Defendant-Appellee.

No. 11599.

United States Court of Appeals Seventh Circuit.

April 4, 1956.

**466**

Harry D. Orr, Jr., Chicago, Ill., James J. McClure, Jr., Chicago, Ill., Hopkins, Sutter, Owen, Mulroy & Wentz, Chicago, Ill., of counsel, for appellants.

H. Brian Holland, Asst. Atty. Gen., S. Dee Hanson, Atty., U. S. Dept. of Justice, Washington, D. C., Robert Tieken, U. S. Atty., Chicago, Ill., Charles K. Rice, Acting Asst. Atty. Gen., Lee A. Jackson, A. F. Prescott, Morton K. Rothschild, Attorneys, Department of Justice, Washington, D. C., John P. Lulinski, Donald S. Lowitz, Asst. U. S. Attys., Chicago, Ill., for appellee.

Before MAJOR, FINNEGAN and SCHNACKENBERG, Circuit Judges.

FINNEGAN, Circuit Judge.

Plaintiff executors'[1] claim for refund, based upon alleged overpayment of federal estate taxes, was held barred by reason of a settlement agreement with the government. Relying upon the defendant's first affirmative defense coupled with an array of stipulated facts and documentary exhibits, the court below dismissed plaintiffs' complaint. The ruling was erroneous.

[1] Josephine F. Bennett (formerly Josephine F. Alexander) and Harris Trust and Savings Bank are the duly qualified and acting executors of the last will and testament of Ben Alexander, who died on

By their appeal the plaintiffs present the same basic question passed upon, and stipulated, below, viz.: "For the purpose of saving the time of the Court, the parties hereto are submitting to the Court the single legal question of whether or not the terms and conditions of the waiver set forth as Exhibit D hereto and circumstances surrounding its execution constitute a good defense to this action * * * and thus a bar to further proceedings herein." The district judge considered the "entire matter" in the nature of a motion for judgment on the pleadings pursuant to Rule 12(c), Federal Rules of Civil Procedure, 28 U.S.C.A.

Exhibit D is reprinted here because much of this appeal centers about its content:

C-TS:CD
AP:EFV

Accepted Oct. 21-1948
Albin Pearson
Head, Chicago Division
Technical Staff

Waiver of Restrictions Against Assessment and Collection of Deficiency in Estate Tax.

District of—1st Illinois

Pursuant to the provisions of section 871(d) of the Internal Revenue Code or corresponding provisions of prior internal revenue laws, the undersigned executor or administrator of the estate of Ben Alexander waives the restrictions provided in section 871(a) of the Internal Revenue Code, as amended, or corresponding provisions of prior internal revenue laws, and consents to the assessment and collection of a deficiency in estate tax in the sum of $135,602.74, together with interest as provided by law.

It is understood and agreed that evidence of payment of estate, inheritance, legacy or succession taxes to the State of Texas, as required by section 81.9 of Estate Tax Regulations 105, will be filed with the Bureau of Internal Revenue at

July 6, 1944. The complaint was filed in the district court on April 1, 1953, after the executors' claim for refund was rejected by the Commissioner.

Washington, D. C. as promptly as practicable. In the event that such evidence is filed on or before June 30, 1949, the taxpayer in this case shall have the right to file a claim for refund for the amount of estate, inheritance, legacy or succession taxes so paid to the State of Texas in respect to this estate, or in the amount of $2,351.44, whichever amount is the lesser. It is further understood and agreed that the amount refundable to the taxpayer under such claim for refund shall not exceed the sum of $2,351.44, with interest as provided by law.

This Waiver of Restrictions is subject to acceptance by on or behalf of the Commissioner of Internal Revenue, on the basis of the adjusted liability as hereinabove proposed, and is to take effect as such only from the date said adjusted liability is accepted by or on behalf of the Commissioner as a basis for closing the case, *and if not thus accepted will have no force or effect.*

*If* this proposal is accepted by or on behalf of the Commissioner, the case shall not be reopened nor shall any claim for refund be filed or prosecuted respecting the estate tax in the absence of fraud, malfeasance, concealment or misrepresentation of material fact, or of an important mistake in mathematical calculations, except that a claim for refund may be hereafter filed or presented on the one condition and not to exceed the amount specified in the second paragraph of this waiver. The taxpayer also agrees: (1) to make payment of the above deficiency, together with interest, as provided by law, promptly upon receipt of notice and demand from the Collector of Internal Revenue, and not to file an offer in compromise respecting such liability; and (2) *upon request of the Commissioner to execute at any time a final closing agreement as to the tax liability,* on the foregoing basis, under the provisions of section 3760 of the Internal Revenue Code.

> Harris Trust and Savings Bank,
>   Co-Executor of the Estate of
>   Ben Alexander, deceased,
> By Charles Howard
>                    Vice-President
>     115 W. Monroe Street
>     Chicago, Illinois

Oct. 14, 1948. (Italics added.)

Consonant with the terms of that document, these executors promptly paid the stipulated deficiency. No fraud or mathematical inaccuracy is asserted. Moreover, the Commissioner abided by the terms of Exhibit D and refunded about $2,784.75 to the executors. Subsequently, in October, 1950 the executors filed a claim for a refund of $100,000 grounded on an amendment to § 811(c), Internal Revenue Code of 1939,[2] by the Technical Changes Act of 1949[3] and the provisions of § 7(c) of this latter Act. The Commissioner relying upon Exhibit D disallowed the claim and suit was commenced below. When the executors submitted their claim for refund, on which the instant litigation is based, the statute of limitations had run for the assessment and collection of a deficiency from the estate administered by the plaintiffs. The government position in this court is built upon a theory of equitable estoppel. Such a theory is understandably indispensable to its case because § 3760 of the Code[4] in clear, unmistakable terms confers authority upon the Commissioner to enter into closing agreements; and there is completely absent from this record any evidence whatever showing that the Head of the Chicago Division Technical Staff has been authorized, in turn, by the Commissioner to close out the mat-

---

2. 26 U.S.C. § 811 (1952 ed.).

3. Act of October 25, 1949, c. 720, 63 Stat. 891, 894–896.

4. Internal Revenue Code of 1939, 53 Stat. 462; 26 U.S.C. § 3760 (1952 ed.):
"The Commissioner (or any officer or employee of the Bureau of Internal Revenue, including the field service, authorized in writing by the Commissioner) is authorized to enter into an agreement in writing with any person relating to the liability of such person (or of the person or estate for whom he acts) in respect of any internal revenue tax for any taxable period."

ter described in Exhibit D. Obviously the last paragraph in Exhibit D makes it clear that the ultimate final closing agreement comes from the Commissioner's level, not from the Technical Staff. We find no evidence of the Commissioner's assent to Exhibit D. The statutory power to bind the government stems from § 3760. For Exhibit D to effectively foreclose these executors it should have been executed by the Commissioner, or by some officer or employee expressly authorized so to do by the Commissioner, under § 3760. By that provision Congress mandated the specific administrative process by which finality of closing agreements could be achieved. Nothing short of action by the Commissioner will satisfy the exclusive statutory method for vitalizing and formalizing the subject-matter of Exhibit D. Botany Worsted Mills v. United States, 1929, 278 U.S. 282, 49 S.Ct. 129, 73 L.Ed. 379. We think it a conservative assumption to make, that the Internal Revenue Service possessed some faint awareness that the applicable statute of limitations was not tolled. The power and ability to comply with § 3760 lay solely within the organization of the Service, nothing else was needed from these executors.

The judgment appealed is reversed and remanded with directions to proceed in the district court consistent with the views expressed in this opinion.

Reversed and remanded with directions.