Manice deForest **LOCKWOOD**, Jr., as Executor of Estate of Manice DeForest Lockwood, deceased, Plaintiff,

v.

**UNITED STATES of America,** Defendant.

United States District Court
S. D. New York.

Dec. 8, 1959.

Eli H. Bronstein, New York City, for plaintiff, Alfred W. Bergren, New York City, of counsel.

S. Hazard Gillespie, Jr., U. S. Atty., Southern Dist. of New York, New York City, for defendant, Marguerite R. de Smet, Asst. U. S. Atty., New York City, of counsel.

CASHIN, District Judge.

This is an action by the executor of the Estate of Manice DeForest Lockwood, to recover the sum of $48,711.07 plus interest, which amount represents estate taxes claimed to have been erroneous and illegally assessed. The property which plaintiff claims was improperly included in the gross estate was a Deed of Trust wherein decedent granted to the plaintiff, his son, as Trustee, an undivided one-fifth interest in a piece of business real estate located at 1603 Broadway, New York, New York. The income of the Trust was to be paid to the wife of the plaintiff for life, and the corpus on her death was to be paid to the plaintiff, if living, with alternate provisions in the event the plaintiff was deceased at that time. The plaintiff's wife is still alive.

At the time that this Deed of Trust was executed the decedent was 87 years and 8 months old. The decedent died on August 14, 1946, at the age of 88 years 5 months and 19 days, of a cerebral accident, approximately 9 months subsequent to the execution of the Deed of Trust in issue.

On November 12, 1947 plaintiff filed an Estate Tax Return of the estate of decedent. The Deed of Trust of October 30, 1945, was reported in Schedule G— Transfers During Decedent's Life of the Estate Tax Return, but was not included in the gross estate. On audit, the Commissioner included the value of the property covered by the Deed of Trust in the gross estate and valued it at $170,000. (Plaintiff does not contest this valuation). On November 12, 1948 the Commissioner asserted a deficiency against the plaintiff for additional estate tax in the sum demanded herein. This sum with interest was paid by the plaintiff; a claim for refund in the amount of $26,047.65 was filed on November 30, 1951, which claim represents the amount of the deficiency assessment attributable to the property covered by the Deed of Trust of October 30, 1945. On January 4, 1955 the Commissioner mailed to the plaintiff a notice rejecting the claim for refund. Subsequently, this suit was instituted.

The defendant claims that the property covered by the Deed of Trust of October 30, 1945 was includable in the gross

estate of the decedent for estate tax purposes under the provisions of Section 811 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 811, which reads, in pertinent part, as follows:—

"§ 811. Gross estate

"The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States—

\* \* \* \* \* \*

"(c) Transfers in contemplation of, or taking effect at, death

"(1) General rule. To the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise—

(A) in contemplation of his death; \* \* \*."

There is only one ultimate issue of fact which is completely dispositive of this action. That question is merely whether, when the gift in question was made, the dominant motive of the decedent was a life motive or a death motive. Phrased somewhat differently, the question is whether the decedent made this gift for a purpose which would reasonably be effected during the lifetime of the decedent, or is the gift a substitute for a testamentary disposition. United States v. Wells, 1931, 283 U.S. 102, 51 S.Ct. 446, 75 L.Ed. 867.

■■■■ Of course, since the mental state of one deceased is involved, the proof must of necessity be circumstantial. Naturally, on the issue, the plaintiff has the burden of proof. Many factors have been considered by the courts as relevant in indicating that a gift is in contemplation of death such as the age of the decedent when making the gift, (Updike v. Commissioner, 8 Cir., 1937, 88 F.2d 807, certiorari denied 301 U.S. 708, 57 S.Ct. 942, 81 L.Ed. 1362), the interval between the gift and death, (Estate of Mary W. Cushman, 1940, 40 B.T.A. 948), the state of health of the decedent, (Smails v. O'Malley, 8 Cir., 1942, 127 F.2d 410; Slifka v. Johnson, D.C.N.Y.1945, 63 F.Supp. 289, affirmed 2 Cir., 1946, 161 F.2d 467), the persons to whom the gift was given, i. e., whether the donees of the gift were the natural objects of the donor's bounty so as to make the gift a substitution for testamentary disposition. All of these factors militate in favor of the conclusion argued for by the defendant. The decedent was of rather advanced age, being over 87 years old when the gift was made. Only about 9 months intervened between the gift and death. The decedent had been hospitalized at numerous times prior to his death for ailments of varying degrees of seriousness. The beneficiaries of the Trust were the natural objects of the decedent's bounty. Further supporting the defendant's argument is the absence of many of the ordinary life motives for making a true *inter vivos* gift. Thus, the donees had no necessity for increased income since they were financially secure. Also, there was no motive for the decedent to desire the donees to obtain experience in management of the property since the decedent's son, the Trustee, had proved himself a man of business acumen. In addition, divestiture of the cares of management could not have induced the gift since the decedent retained a substantial portion of the property which was the subject of the gift.

On the other hand, there are circumstances which would tend strongly to indicate life motives. Thus, even though the decedent had been hospitalized on numerous occasions, there was no indication that any of the ailments suffered was of such a type as to cause apprehension of impending death. All of the testimony from the witnesses in whom the decedent would naturally have confided any such fears was to the contrary. The only indication by the decedent of apprehension of death to any such person came at a time subsequent to the execution of the Deed of Trust in issue. The

decedent was a man of vigorous habits, considering his age. He managed all his personal and household affairs, conducted a relatively active social life, personally tended to his garden and evidenced an active interest in the affairs of the world. In addition, the decedent had made a gift in trust of a two-fifths interest in the same realty as under consideration here on substantially the same terms on August 17, 1935.

If this were all the evidence, I would probably feel impelled to find in favor of the defendant since the evidence would not point clearly to a life, as distinguished from a death, motive. However, a further factor was shown at the trial which impels a finding in favor of the plaintiff. This factor is a true life motive, namely, the desire to avoid income taxes. The decedent's son testified that the decedent was unalterably opposed to the entire theory of income taxes but that, on the other hand, he had at no time expressed any strong antipathy to estate taxes. It is undisputed that the divesting by the decedent of his interest in the corpus of the trust materially reduced the amount of income tax he would have to pay. Supporting the conclusion that, at approximately the same time the dominant motive of the gift is the fact that, at approximately the same time the gift was made, the decedent purchased an annuity payable over ten years, which would bring decedent's net income up to the same approximate amount it was before the gift. The fact that the annuity was payable over a long period considering the age of decedent and that it had no value at the time of death, further indicates the lack of death motive of decedent. The defendant argues that since the amount of estate taxes saved by making the gift exceeded the amount of income tax saved, the inference should be drawn that the dominant motive was the avoidance of estate rather than income taxes and, therefore, the gift was made in contemplation of death within the meaning of the statute. However, in view of the testimony of the witnesses, particlarly the plaintiff, which evidence appeared to me to be entirely truthful, I do not deem the inference argued for by the defendant at all compelling.

Another argument raised by the defendant is that the fact that a codicil was executed to the decedent's Will at about the same time as the Deed of Trust which provided that all estate taxes, not only those applicable to property passing under the Will but also to any other estate taxes, were to be paid out of the residuary estate, indicates clearly the contemplation of death. However, an attorney in the firm which represented the decedent testified that such codicils were drawn as a general practice at the time in question to obviate the results of recent adverse decisions in New York State Surrogates' Courts. Since the execution of such codicils was a general practice at the time, the execution of this particular codicil is of absolutely no assistance in determining the motive of decedent. cf. Allen v. Trust Company of Georgia, 1946, 326 U.S. 630, 66 S.Ct. 389, 90 L.Ed. 367.

The defendant places great reliance on the case of Farmers' Loan & Trust Co. v. Bowers, 2 Cir., 1934, 68 F.2d 916. That case is, however, completely distinguishable. In Farmers' Loan & Trust Co. there was clear evidence that the decedent was attempting to avoid both income and estate taxes. With such mixed motives present the court held that the plaintiff had not sustained its burden of proof of showing a life rather than a death motive. In the instant case, as indicated above, the evidence indicates no desire to avoid estate taxes. Thus, the weakness present in the Farmers' Loan & Trust Co. case is absent here.

During the trial I allowed into evidence the administrative file which contained the original Claim for Refund by the plaintiff. Plaintiff's counsel read into the record a portion of the Claim which recited a conversation between the decedent and decedent's tax counsel. The evidence was taken subject to a motion to strike. The conversation is, of course, rank hearsay, has not been taken into consideration by me, and the exhibit, in-

**752**

sofar as it recites the conversation, is stricken.

In accordance with the above, I find that the dominant motive of the decedent in executing the Deed of Trust of October 30, 1945, was to avoid income taxes during the decedent's lifetime. Thus, the gift was not made in contemplation of death within the meaning of the statute.

The foregoing shall constitute my findings of fact and conclusions of law.

Settle judgment for plaintiff.