William R. LOWE and Ruth C. Lowe, husband and wife, R. I. Riedesel and Inza N. Riedesel, husband and wife, and Phillip E. Riedesel and Susanne Riedesel, husband and wife, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. No. 402.

United States District Court D. Montana, Billings Division.

Oct. 15, 1963.

Earl V. Cline and Robert E. Hendrickson, Billings, Mont., for plaintiffs.

Louis F. Oberdorfer, Asst. Atty. Gen., Edward S. Smith, Jerome Fink and Dale E. Anderson, Attys., Dept. of Justice, Washington, D. C.; Moody Brickett, U. S. Atty. for the District of Montana; and Richmond F. Allan, Asst. U. S. Atty., Billings, Mont., for defendant.

JAMESON, District Judge.

This is an action to recover income taxes assessed and paid for the year 1957. The cause is before the court on defendant's motion for summary judgment.

A deficiency was assessed against each of the plaintiffs for the tax year 1957. The basis of the deficiency was the Government's contention that a corporation in which plaintiffs owned stock was a "collapsible corporation". The plaintiffs did not agree. After settlement conference, plaintiffs submitted offers of compromise settlement, and on December 22, 1960, each of the plaintiffs executed a Treasury Form 870–AD. By signing this form plaintiffs agreed that:

> "If this proposal is accepted by or on behalf of the Commissioner, the case shall not be reopened in the absence of fraud, malfeasance, concealment or misrepresentation of material fact, an important mistake in mathematical calculation, or an excessive tentative allowance of a net operating loss carry-back; and no claim for refund shall be filed or prosecuted for the year(s) above stated other than for the amounts of overassessment shown above and amounts attributed to a claimed de-

·duction for a net operating loss carry-back provided by law."

The offers were accepted on behalf of the Commissioner of Internal Revenue on December 28, 1960, by the Acting Associate Chief, Appellate Division. The time for additional deficiencies expired on April 15, 1961. On May 22, 1962, each taxpayer filed a claim for refund of taxes for the year 1957.

The parties agree that there is no genuine issue of fact. The sole question presented is whether defendant is entitled to prevail as a matter of law by reason of the execution of Form 870–AD.

Plaintiffs contend that the execution of this form did not constitute a final or binding agreement as contemplated by Section 7121 of the Internal Revenue Code of 1954, and that the employee of the Internal Revenue Service had no capacity to enter into a bilateral agreement. Defendant concedes that the settlement agreement on Form 870–AD does not constitute a final closing agreement as contemplated by Section 7121, but contends (1) that it is a binding compromise settlement agreement,[1] and (2) that the taxpayers cannot in any event prevail because of the principle of equitable estoppel. Plaintiffs argue that the elements necessary to constitute an estoppel are lacking.

In Monge v. Smyth, 1956, 229 F.2d 361, 368, the Court of Appeals for the Ninth Circuit considered the legal effect of a waiver on Form 870–TS (the predecessor to Form 870–AD) which had been accepted, as here, by a subordinate official on behalf of the Commissioner. The court said in pertinent part: "Thus we have a bilateral agreement which includes the waiver which when accepted on behalf of the Commissioner 'shall not be reopened nor shall any claim for refund be filed respecting the taxes * * *' The acceptance by the Commissioner effected a final determination of deficiency and rendered unnecessary a formal deficiency determination."[2]

Plaintiffs contend that Monge was wrongly decided and contrary to the weight of authority, citing cases which have held contra.[3] Other courts, however, have reached the same result as Monge either upon contract grounds, an equitable estoppel basis, or a combination of the two.[4]

It is unnecessary to discuss the various cases cited in the briefs of counsel. This court is bound by the decisions of the Court of Appeals for the Ninth Circuit.[5] Monge v. Smyth accordingly is controlling.

The defendant's motion for summary judgment is granted. Pursuant to Rule

---

1. Defendant contends that, under Section 7122, Internal Revenue Code of 1954, the Secretary "or his delegate" may compromise any civil or criminal case arising under the internal revenue laws and that the Acting Chief of the Appellate Division was a proper delegate of the Secretary.

2. In United States v. Price, 9 Cir. 1959, 263 F.2d 382, the court stated that what was said in Monge concerning the validity of the waiver was dictum and held that Monge had not overruled prior decisions of the Ninth Circuit holding that a waiver prior to the mailing of a notice of deficiency is premature and invalid. That question is not presented here, and the language of the Monge case remains persuasive for the purpose here involved.

3. Plaintiffs rely upon Morris White Fashions, Inc. v. United States, S.D.N.Y. 1959, 176 F.Supp. 760; Bennett v. United States, 7 Cir. 1956, 231 F.2d 465; Bank of New York v. United States, 3 Cir. 1948, 170 F.2d 20; Cuba Railroad Company v. United States, S.D.N.Y.1954, 124 F.Supp. 182; Cooney v. United States, D.N.J. 1963, 218 F.Supp. 896; dissenting opinion in Cain v. United States, 8 Cir. 1958, 255 F.2d 193.

4. See, e. g., Daugette v. Patterson, 5 Cir. 1957, 250 F.2d 753; Cain v. United States, 8 Cir. 1958, 255 F.2d 193; Guggenheim v. United States, 111 Ct.Cl. 165 (1948), 77 F.Supp. 186; Girard v. Gill, M.D.N.C.1956, 142 F.Supp. 770.

5. See Minerals Separation v. Butte & Superior Copper Co., D.C.Mont.1916, 237 F. 401; United States v. Sig Ellingson & Co., D.Mont.1958, 164 F.Supp. 7; Midland National Bank of Billings v. United States, D.Mont.1959, 168 F.Supp. 736.

11(b) of the Local Rules of Court, defendant will prepare, serve and lodge form of judgment.

Done and dated this 15th day of October, 1963.