**GENERAL SPLIT CORPORATION,**
**Plaintiff,**

v.

**UNITED STATES of America,**
**Defendant.**

No. 71-C-699.

United States District Court,
E. D. Wisconsin.

July 27, 1973.

Laikin, Swietlik & Laikin, by George J. Laikin, Joseph I. Swietlik, Milwaukee, Wis., for plaintiff.

Thomas R. Jones, Atty. at Law, Dept. of Justice Tax Div., Washington, D. C., for defendants.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

By its motion for summary judgment, the defendant raises the question whether the earlier settlement agreement between the parties should equitably estop the plaintiff from bringing this action for refund.

The settlement in question was reached in November, 1966 and was reflected in certain documents which are now before the court. These include a stipulated decision of the tax court of the United States, dated November 9, 1966, (defendant's exhibit C); a form 870–AD, dated October 31, 1966 (defendant's exhibit D); and a document entitled "Collateral Agreement", dated October 31, 1966 (defendant's exhibit E).

The defendant concedes that the mere execution of the form 870–AD does not in itself preclude General Split Corporation from pursuing the instant claim for refund. See Uinta Livestock Corp. v. United States, 355 F.2d 761 (10th Cir. 1966). However, it is the government's contention that it relied to its detriment

on the taxpayer's promise not to file a claim for a refund; accordingly, the defendant urges that under all the circumstances of this case, the plaintiff is estopped from proceeding in the instant action.

The defendant argues that it relied upon General Split Corporation's promise not to file claims for refund as an integral part of the government's concession of $174,565.61 out of a deficiency initially asserted of $255,708.06. The government points out that " . . . the $79,494.15 deficiency in taxes which the Government gave up for the years 1962–1964 is beyond the Government's reach."

In Botany Worsted Mills v. United States, 278 U.S. 282, 289, 49 S.Ct. 129, 132, 73 L.Ed. 379 (1929), a compromise settlement between a taxpayer and the internal revenue service was held insufficient to bar the taxpayer's suit. However, in concluding that the settlement agreement in that case was not properly assented to by the government, the Supreme Court nevertheless commented that an agreement ". . . though not binding in itself, may when executed become, under some circumstances, binding on the parties by estoppel. . . ."

Although the plaintiff suggests that there are factual matters concerning the settlement which should be heard by the court, I find that the documentary evidence now before the court sufficiently describes the transaction so as to present an issue which is now ripe for resolution by summary judgment. I conclude that under the doctrine of estoppel the taxpayer in the case at bar is barred from proceeding.

Bennett v. United States, 231 F.2d 465 (7th Cir. 1956), if applicable, would govern the case at bar. However, such case is deemed not controlling because there the government failed to establish that the official who accepted the waiver of restriction against assessment had authority from the commissioner of internal revenue to do so. On the other hand, the instant case fits well within the reasoning of Lignos v. United States, 439 F.2d 1365 (2nd Cir. 1971). See also Cooper Agency v. United States, 301 F.Supp. 871 (S.C.1969), aff'd 422 F.2d 1331 (4th Cir. 1970), cert. denied 400 U.S. 904, 91 S.Ct. 143, 27 L.Ed.2d 141 (1970).

Therefore, it is Ordered that the defendant's motion for summary judgment be and hereby is granted.