DEBORAH A. VITALE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Vitale v. Commissioner
Docket No. 21911-85.
United States Tax Court
T.C. Memo 1988-233; 1988 Tax Ct. Memo LEXIS 261; 55 T.C.M. (CCH) 947; T.C.M. (RIA) 88233; May 25, 1988. Deborah A. Vitale, pro se. Lindsey D. Stellwagen, for the respondent. WILLIAMS
MEMORANDUM FINDINGS OF FACT AND OPINION WILLIAMS, Judge: The Commissioner determined a deficiency in petitioner's 1981 Federal income tax of $ 2,476.98 and additions to tax pursuant to 6653 (a) (1)[1] and 6653 (a) (2). The issues we must decide are: (1) whether respondent was precluded from determining the deficiency in issue; (2) whether petitioner is entitled to deductions generated by her investment in Tristar Investments ("Tristar"); and (3) whether petitioner is liable for additions to tax under sections 6653 (a) (1) and 6653 *262 (a) (2). [1]
FINDINGS OF FACT Petitioner, an experiences attorney, resided in Falls Church, Virginia when the petition in this case was filed. On February 15, 1983, respondent audited petitioner's 1981 Federal income tax return and determined that petitioner owed an additional $ 655.11 in Federal income tax. Petitioner signed a Report of Individual Income Tax Changes (Form 3547) on September 9, 1983, and paid the amount due on September 14, 1983. the report stated in part: ALTHOUGH THIS REPORT IS SUBJECT TO REVIEW, YOU MAY CONSIDER IT AS YOUR NOTICE THAT YOUR CASE IS CLOSED IF YOU ARE NOT NOTIFIED OF AN EXCEPTION TO THESE FINDINGS WITHIN 45 DAYS AFTER A SIGNED COPY OF THIS REPORT OR A SIGNED WAIVER, FORM 870, IS RECEIVED BY THE DISTRICT DIRECTOR. IF YOU AGREE, PLEASE SIGN ONE COPY OF THIS REPORT, AND RETURN IT IN THE ENCLOSED ENVELOPE. KEEP THE OTHER COPY WITH YOUR RECORDS. On April 2, 1985, respondent timely mailed a statutory notice of deficiency to petitioner by certified mail in which respondent disallowed losses, claimed on petitioner's *263 1981 Federal income tax return in the amount of $ 7,378. This disallowance was triggered by an audit of Goldmar Limited, Inc. ("Goldmar") of which Tristar was a partner. Petitioner claims entitlement to her proportionate share of the disallowed losses. Petitioner's cancelled check is the only evidence of her investment in Tristar. The cancelled check was written, endorsed, and deposited by petitioner in an account that she opened and over which she had signatory authority. Petitioner failed to produce books and records relating to her investment in Tristar. At trial petitioner offered no evidence that Tristar Investments was engaged in a trade or business or that the partnership incurred losses. Petitioner knew where she could obtain the partnership books and records but did not attempt to obtain them because of business and personal reasons. Petitioner did not explain her reasons for not producing the books and records of Tristar at trial. OPINION The first issue we must address is whether respondent was precluded from determining the deficiency in this case. Petitioner contends that respondent is precluded from determining the deficiency at issue pursuant to the *264 express terms of the Form 3547. She argues that the Form 3547 constitutes a final closing agreement with respondent, and thus petitioner's Federal income tax liability as reported on the Form 3547 cannot be modified. Alternatively, petitioner argues that respondent is estopped from denying that petitioner's 1981 tax year is closed because of representations made by respondent's revenue agent, Debra A. Manuel, to Petitioner that no further action would be taken regarding petitioner's 1981 return. Petitioner bears the burden of proof. Welch v. Helvering,290 U.S. 111 (1933); Rule 142 (a), Tax Court Rules of Practice and Procedure.
Section 7121 is the exclusive procedure for effecting a final closing agreement of a taxpayer's tax liability. Estate of Meyer v. Commissioner,58 T.C. 69, 70 (1972); Botany Worsted Mills v. United States,278 U.S. 282, 288 (1929). "That section envisages an agreement knowingly entered into by both parties." Harrington v. Commissioner,48 T.C. 939, 953 (1967), affd. 404 F.2d 237 (5th Cir. 1968). Section 301.7121-1 (d), Proced. and Admin. Regs., provides that "All closing *265 agreements shall be executed on forms prescribed by the Internal Revenue Service." The form signed by petitioner was not intended to be a final closing agreement. The Form 3547 signed by petitioner was the equivalent of a consent to assessment and collection, much like Form 870. In executing the Form 3547, petitioner waived her right to an administrative appeal within the Internal Revenue Serice and her right to litigate in this Court the deficiency determined. Nevertheless, petitioner still had the right to file a claim for refund and litigate a denial of her claim in a refund forum. In short, the Form 3547 manifests no intent by respondent or petitioner to enter into a final closing agreement. The form merely indicates that for administrative purposes, the examination was closed. Accordingly, we hold that no binding closin agreement pusuant to section 7121 was entered into by petitioner and respondent. Furthermore, respondent properly followed his own internal procedures in this administratively closed examination for determining the deficiency at issue. Rev. Proc. 85-13, 1985-1 C.B. 514, section 3.02(2), provides that "Contacts with a taxpayer to verify or *266 adjust a discrepancy between the taxpayer's tax return and information returns * * * are not examinations or reopenings. For this purpose, information returns include returns * * * filed by partnerships." The sole adjustment at issue is a partnership item reported on petitioner's 1981 Federal income tax return. The item flowed through Goldmar to Tristar to petitioner. Respondent's determination is not an impermissible reopening of an administratively closed tax year. Petitioner's alternative estoppel argument is without merit because the essential elements of an estoppel are missing. The elements of an estoppel are missing. The elements of an estoppel are: (1) a misrepresentation or wrongful misleading silence; (3) reliance upon the misrepresentation or wrongful misleading silence; (4) causing detriment to the person relying on the misrepresentation. Estate of Emerson v. Commissioner,67 T.C. 612 (1977); Underwood v. Commissioner,63 T.C. 468, 477-478 (1975), affd. 535 F.2d 309 (5th Cir. 1976). Although petitioner has the burden of proving the elements of estoppel, she has not offered any credible evidence to support her claim. *267 Petitioner testified that in 1983 respondent's agent told her that if she were to concede the disputed deficiency her 1981 taxable year would be closed. Based on the forms signed by petitioner and the absence of other evidence to the contrary, we think the most that was said was that the examination was finished. As discussed earlier, such a statement would not support a conclusion that petitioner's tax year was closed. Petitioner failed to produce the agent or any writing to corroborate her testimony. Moreover, we do not believe that petitioner, an experienced attorney, discarded most of her papers and supporting documents for 1981 solely in reliance on a revenue agent's representation. Consequently, petitioner has not carried her burden of proving a material misrepresentation of fat on which she relied to her detriment. We therefore hold that respondent is not estopped from issuing his notice of deficiency. The next issue we must address is whether petitioner is entitled to deduct losses from her investment in Tristar. Respondent's determination of a deficiency is presumptively correct, and petitioner has the burden of proving that the determination is erroneous. Welch v. Helvering, supra; *268 Rule 142 (a), Tax Court Rules of Practice and Procedure. Respondent contends that petitioner has no basis in Tristar because she has not substantiated her investment. Petitioner stated that she deposited a check representing her original investment in Tristar in the partnership account which she had opened and over which she had signatory authority. That check was the only evidence offered by petitioner to substantiate her investment. Petitioner failed to produce any records from the partnership and did not prove that Tristar was involved in a trade or business, that it incurred losses, or that the partnership even existed. Consequently, we hold that petitioner has not carried her burden of proof and is not entitled to any deductions attributable to her investment in Tristar. Petitioner is an experienced attorney and is aware of the necessity of keeping complete and accurate tax records. Petitioner failed to fulfill her know responsibility. Because petitioner's underpayment of tax for her 1981 taxable year is due to this negligence, we hold that petitioner is liable for additions to tax under section 6653 (a)(1) and under 6653 (a)(2) on the entire underpayment. *269 Decision will be entered for respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue code of 1954 as in effect for the year in issue. ↩