ESTATE OF CECILE D. BARRETT, DECEASED, WILLADEAN FITZHUGH, INDEPENDENT EXECUTRIX, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Barrett v. Commissioner
Docket No. 6751-93
United States Tax Court
T.C. Memo 1994-167; 1994 Tax Ct. Memo LEXIS 168; 67 T.C.M. (CCH) 2702; April 18, 1994, Filed *168 For petitioner: Ruth McClendon Pierce. For respondent: James W. Lessis. GOLDBERG
GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(4) of the Internal Revenue Code of 1986, as amended, and Rules 180, 181, and 183. [1] This case is before the Court on respondent's Motion to Strike. On March 8, 1993, respondent mailed a notice of deficiency determining a deficiency in Federal estate tax of the Estate of Cecile D. Barrett, Deceased (petitioner) in the amount of $ 197,245.38. In the petition filed April 5, 1993, paragraphs 2, 3, and 4 relate to events occurring prior to the issuance of the notice of deficiency. The paragraphs also refer to exhibits relating to the allegations set forth in these paragraphs. Respondent moves the Court to strike *169 references in the petition and attachments thereto concerning two Forms 1273, Report of Examination Changes (dated January 15, 1992, and August 25, 1992), and a Form 890, Waiver of Restriction and Collection of Deficiency and Acceptance of Overassessment of Estate and Gift Tax (hereafter the Form 890). Petitioner filed a Response to Motion to Strike alleging that the Form 1273, Report of Examination Changes, dated January 15, 1992, and signed by the examiner, and the Form 890, which was not signed by any Internal Revenue Service official, together constitute a closing agreement under section 7121, and therefore the portions of the petition and attachments which respondent seeks to strike should be considered by the Court in deciding the case. Respondent argues that no closing agreement was entered into by the parties, and that references to events prior to issuance of the notice of deficiency should not be included in the petition. Rule 52 provides that upon the timely motion of a party, the Court may order stricken from any pleading "any insufficient claim or defense or any redundant, immaterial, impertinent, frivolous, or scandalous matter." The issue presented is whether the *170 portion of the petition and exhibits cited in respondent's motion should be stricken because they are immaterial or constitute an insufficient claim or defense. Resolution of the issue turns on whether the Form 890 is a closing agreement. Section 7121(a) authorizes the Secretary of the Treasury to enter into an agreement in writing with any person relating to the liability of such person (or the person or estate for whom he acts) in respect to any internal revenue tax for any taxable period. Section 7121(b) provides: (b) Finality. -- If such agreement is approved by the Secretary (within such time as may be stated in such agreement, or later agreed to) such agreement shall be final and conclusive, and, except upon a showing of fraud or malfeasance, or misrepresentation of a material fact -- (1) the case shall not be reopened as to the matters agreed upon or the agreement modified by any officer, employee, or agent of the United States, and (2) in any suit, action, or proceeding, such agreement, or any determination, assessment, collection, payment, abatement, refund, or credit made in accordance therewith, shall not be annulled, modified, set aside, or disregarded.
*171 Section 7121 sets forth the exclusive procedure under which a final closing agreement as the tax liability of any person can be executed. Estate of Meyer v. Commissioner, 58 T.C. 69, 70 (1972); see also Botany Worsted Mills v. United States, 278 U.S. 282, 288 (1929). All closing agreements shall be executed on forms prescribed by the Internal Revenue Service. Sec. 301.7121-1(d), Admin. & Proc. Regs. Three forms of closing agreement have been prescribed: (1) Form 866, Agreement as to Final Determination of Tax Liability; (2) Form 906, Closing Agreement as to Final Determination Covering Specific Matters; and (3) combined agreements which determine both tax liability and specific matters. Zaentz v. Commissioner, 90 T.C. 753, 760-761 (1988); Rev. Proc. 68-16, 1968-1 C.B. 770, 777-778. Neither Form 890 nor Form 1273 constitutes a closing agreement for purposes of section 7121. Joyce v. Gentsch, 141 F.2d 891, 894 (6th Cir. 1944); Findlay v. Commissioner, 39 T.C. 580, 588-589 (1962), *172 affd. in part and revd. in part on another issue 332 F.2d 620 (2d Cir. 1964); Russo v. Commissioner, T.C. Memo. 1991-310. Like Form 870, Waiver of Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment, Form 890 is merely a waiver by petitioner of the statutory notice requirements imposed upon respondent by section 6213(a). Consolidated Freightways, Inc. v. United States, 223 Ct. Cl. 443, 620 F.2d 862, 868 (Ct. Cl. 1980); Maloney v. Commissioner, T.C. Memo. 1986-91. The language of the form indicates that it is not a final agreement. The form refers to the possibility of both additional deficiency determinations by respondent and claims for refund by petitioner. The Form 890 is not a final closing agreement for purposes of section 7121. Moreover, the Form 890 was not signed by anyone representing the Internal Revenue Service. Petitioner has not shown that a closing agreement was executed by the parties. Therefore, the references in the petition and the attachments to the petition concerning events and matters undertaken *173 at the administrative level are immaterial to our de novo review of respondent's deficiency determination and constitute an insufficient claim or defense under Rule 52. Respondent's Motion to Strike will be granted. Based on the foregoing, An appropriate order will be issued. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩