T.C. Summary Opinion 2001-148

UNITED STATES TAX COURT

PATRICK L. O'BRIEN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8217-00S.                    Filed September 21, 2001.

Patrick L. O'Brien, pro se.

William I. Miller, for respondent.

PAJAK, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's 1997 Federal income tax in the amount of $14,148, and a penalty under section 6662(a) in the amount of $2,830. Respondent conceded that petitioner was not liable for $19,990 of additional income, or for the section 6662(a) penalty. The sole issue the Court must decide is whether petitioner is liable for the 10-percent additional tax under section 72(t).

Some of the facts in this case have been stipulated and are so found. Petitioner resided in Schaumburg, Illinois, at the time he filed his petition.

In 1997, petitioner Patrick L. O'Brien (petitioner) received a distribution of a rounded amount of $51,623 from a defined benefit plan, and a distribution of a rounded amount of $27,846 from an employee stock ownership plan, for a total of $79,469. Hereinafter, both distributions will be referred to as one distribution. On his 1997 Federal income tax return, petitioner reported that $37,848 of the $79,469 distribution was taxable.

Respondent determined that the section 72(t) additional tax on early distributions applied to $79,467. The parties stipulated that this amount should have been $79,469. The difference appears to be due to rounding, and we shall use the stipulated amount. Respondent now concedes that $41,621 of the distribution is not subject to the section 72(t) additional tax. Therefore, respondent now asserts that only the taxable amount of

$37,848 of petitioner's distribution is at issue with respect to the section 72(t) additional tax.

The funds were distributed to petitioner as a result of his termination of employment. He does not contend that the distribution was made due to death, disability, a series of periodic payments, separation from service after attaining the age of 55, or for the purpose of medical expenses. Petitioner contends that the distribution is not subject to the section 72(t) additional tax because the distribution was made pursuant to a qualified domestic relations order.

Section 72(t) provides for an additional tax of 10 percent on any amount received as an early distribution from a qualified retirement plan (as defined in section 4974(c)). The section 72(t) additional tax does not apply in certain situations and the sole exception on which petitioner relies is section 72(t)(2)(C). That section provides that distributions from qualified retirement plans are not subject to the additional tax if they are made to an alternate payee pursuant to a qualified domestic relations order (QDRO) within the meaning of section 414(p)(1). A QDRO is a domestic relations order which in pertinent part (1) creates an alternate payee's right to receive all or part of the benefits payable with respect to a participant under a plan, (2) clearly specifies certain facts, and (3) does not alter the amount of the benefits under the plan. Sec. 414(p)(1 )(A), (2), and (3). A "domestic relations order" is defined in pertinent

part as any judgment which relates to the provision of marital property rights to a spouse, or former spouse, of a participant and is made pursuant to a State domestic relations law. Sec. 414(p)(1)(B).

The Circuit Court of Cook County, Illinois, entered a "Judgment for Dissolution of Marriage" (Judgment) with respect to petitioner and his former wife. The Judgment states that the parties acknowledged that petitioner's retirement plan was marital property. The Judgment determined that "in consideration of [petitioner's] waiver of his vested interest in the marital real estate, [petitioner's former wife] hereby waives any and all right, title, claim or interest she may have in the [retirement plan] in favor of [petitioner]."

The Judgment relates to the marital property rights of petitioner and his former wife pursuant to the domestic relations laws of Illinois. It is a domestic relations order under section 414(p)(1)(B). The Judgment did not award petitioner's former wife any interest in the pension plan distribution. Petitioner admits that the Judgment did not require any distribution of his retirement funds. The distribution took place after petitioner's divorce from his former wife. Only petitioner received the $37,848 distribution. What is most significant is that petitioner was not an alternative payee under his retirement plan, but was a participant in that plan. For the foregoing

reasons, the Judgment is not a QDRO under section 414(p)(1). Petitioner's distribution was not a payment to an alternate payee pursuant to a QDRO and does not fall within the section 72(t)(2)(C) exception to the section 72(t) additional tax.

Petitioner further argues that he is not liable for the 72(t) additional tax because he received a closing letter from the Internal Revenue Service (IRS) accepting the additional information he provided and informing him that he would not: "need to file a petition with the United States Tax Court to reconsider the tax [he owed]. If you have already filed a petition, the office of the District Counsel will contact you on [sic] the final closing of this case." Petitioner took this to mean that the case was closed based on the heading, "Closing Letter".

A closing letter is to be sharply distinguished from a closing agreement entered under section 7121. Kiourtsis v. Commissioner, T.C. Memo. 1996-534. A closing agreement is entered into by both the taxpayer and the Commissioner and is binding in accordance with its terms. Id. Section 7121 sets forth the exclusive procedure under which a final closing agreement as to the tax liability of any person can be executed. Botany Worsted Mills v. United States, 278 U.S. 282, 288 (1929); Estate of Meyer v. Commissioner, 58 T.C. 69, 70-71 (1972); Reynolds v. Commissioner, T.C. Memo. 2000-20.

Section 7121 envisages an agreement knowingly entered into by both parties. <u>Harrington v. Commissioner</u>, 48 T.C. 939, 953 (1967), affd. on another issue 404 F.2d 237 (5th Cir. 1968). Petitioner and respondent did not enter into a valid closing agreement. The closing letter issued by the IRS to petitioner is not a closing agreement under the provisions found in section 7121 and does not affect petitioner's liability for tax. We hold that petitioner is liable under section 72(t) for the additional 10 percent tax on the $37,848 of early distributions from his qualified retirement plans.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered under Rule 155.