T.C. Memo. 2003-186

UNITED STATES TAX COURT

RAYMOND E. CRITTENDEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11199-01.                    Filed June 26, 2003.

Raymond E. Crittenden, pro se.

<u>John F. Driscoll</u>, for respondent.

MEMORANDUM OPINION

POWELL, <u>Special Trial Judge</u>:  Respondent determined a
deficiency of $10,802 and an addition to tax of $2,681.50 under
section 6651(a)(1)[1] in petitioner's 1995 Federal income tax.
After concessions, the issue is whether petitioner is liable for

---

[1]   Unless otherwise indicated, section references are to
the Internal Revenue Code in effect for the year in issue.

the addition to tax under section 6651(a)(1) for failure to timely file a Federal income tax return. Petitioner resided in Tuscaloosa, Alabama, at the time the petition was filed.

## Background

On April 15, 1996, petitioner timely filed an extension of time to file his 1995 Federal income tax return and remitted a payment of $4,700. Petitioner, however, did not file his return on or before the expiration of the extended time. On February 3, 2000, respondent issued a so-called 30-day letter to petitioner. Petitioner did not directly respond to the 30-day letter. Instead, petitioner filed his 1995 return on April 6, 2000. Petitioner reported, inter alia, a tax due of $5,008, an estimated tax penalty of $75, and the amount paid of $4,700. Petitioner submitted an additional payment of $383 with his 1995 return.

On May 15, 2000, respondent sent a letter entitled "We Changed Your Account" (May 2000 letter) to petitioner. The May 2000 letter notified petitioner that respondent had received petitioner's return and assessed the tax due reported on the return. The May 2000 letter stated in pertinent part:

Statement of Account

| Account Balance Before Examination Action | [1]$5,083.00CR |
|---|---|
| Increase in Tax Because of Examination Action | [2]5,008.00 |
| Filing Late Penalty Added | 96.00 |
| Interest Charged | 158.99 |
| Amount You Now Owe | $179.99 |

[1] This amount reflects the $4,700 petitioner paid on April 15, 1996, at the time he filed the extension, and the $383 paid at time of filing his 1995 return.
[2] This amount reflects the tax due reported by petitioner on his 1995 return.

Petitioner remitted $179.99 to respondent on May 29, 2000 (May 2000 payment).  On May 29, 2001, respondent issued petitioner a notice of deficiency determining a deficiency and an addition to tax under section 6651(a)(1) for 1995.  At trial, petitioner and respondent agreed to a reduced deficiency of $4,614 and, as a result, the addition to tax under section 6651(a)(1) was reduced to $1,134.50.  Petitioner does not dispute the amount of the reduced deficiency, and the only issue is whether he is liable for the reduced addition to tax under section 6651(a)(1).

## Discussion

Section 6651(a)(1) provides in relevant part:

> SEC. 6651(a).  Addition to the Tax.--In case of failure--
>
> (1) to file any return required * * * on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more

than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate.

A delay is due to reasonable cause if "the taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time".  Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.; see also United States v. Boyle, 469 U.S. 241, 243 (1985).  There is no question here that petitioner's 1995 return was not timely filed.

Petitioner argues that he had reasonable cause for the failure to timely file his 1995 return due to "Being overwhelmed with work and doing a lot of traveling," and that he believed he "overpaid it [tax due]" and "expected to get a refund."[2] Generally, a busy work schedule or heavy workload does not constitute reasonable cause for the untimely filing of a tax return.  Dustin v. Commissioner, 53 T.C. 491, 507 (1969), affd. 467 F.2d 47 (9th Cir. 1972); Nauman v. Commissioner, T.C. Memo. 1998-217.  This is certainly true when the delay, as here, was approximately 3½ years.  Further, petitioner's belief that no tax was due, or that he was entitled to a refund, does not constitute

---

[2]  When respondent determined a deficiency in petitioner's 1995 Federal income tax, the addition to tax under sec. 6651(a)(1) increased.  The addition to tax under sec. 6651(a)(1) which is attributable to a deficiency in taxes is subject to the deficiency procedures, and we have jurisdiction to review such determination.  Sec. 6665(b); see also Estate of DiRezza v. Commissioner, 78 T.C. 19, 26 (1982).

reasonable cause.  See Ferguson v. Commissioner, T.C. Memo. 1994-114.  Lastly, petitioner filed an extension of time to file his return, but the return was filed long after the extension period expired.  See Sandoval v. Commissioner, T.C. Memo. 2000-189; Zaban v. Commissioner, T.C. Memo. 1997-479.  We find that petitioner did not have reasonable cause for the failure to timely file his 1995 return.[3]

Petitioner argues in the alternative that the section 6651(a)(1) addition to tax should be limited to the May 2000 payment.  In this regard, petitioner seems to believe that there was some type of accord and satisfaction when he paid the $179.99 pursuant to the May 2000 letter.  Respondent issued the May 2000 letter to notify petitioner that respondent had summarily assessed both the tax shown on petitioner's delinquent 1995 return and the addition to tax that was due under section 6651(a)(1).[4]  It was this addition to tax that petitioner paid.

---

[3]  Sec. 7491(a) and (c), concerning the burdens of proof and production, have no bearing on the underlying substantive issue. With respect to the addition to tax, the burden of showing reasonable cause under sec. 6651(a) remains on petitioner. Higbee v. Commissioner, 116 T.C. 438, 446-448 (2001).

[4]  "Respondent is authorized to immediately (summarily) assess and collect the amount of taxes that are computed and shown due on a taxpayer's original income tax return". Meyer v. Commissioner, 97 T.C. 555, 559 (1991); see also sec. 6201(a)(1). Additionally, respondent may summarily assess the addition to tax under sec. 6651(a)(1) if such additions are determined by the amount of tax shown on the taxpayer's return.  Sec. 6665(b); see also Meyer v. Commissioner, supra at 559.  Summary assessments
(continued...)

The record, however, is devoid of any evidence that petitioner and respondent entered into an agreement that limited the addition to tax to the May 2000 payment.  See sec. 7121; Botany Worsted Mills v. United States, 278 U.S. 282, 288 (1929); Estate of Meyer v. Commissioner, 58 T.C. 69, 70 (1972).

Finally, petitioner appears to argue that respondent was somehow at fault because the notice of deficiency overstated the tax liability and the addition to tax.  This is a non sequitur. The addition to tax under section 6651(a)(1) flows from the fact that the return was not timely filed.  The additional addition to tax was computed on the deficiency that was ultimately agreed by the parties.  The fact that the notice of deficiency may have asserted a higher deficiency had no bearing on the ultimate determination of the addition to tax.

> Decision will be entered for respondent in the amounts of $4,614 for the deficiency and $1,134.50 for the addition to tax under section 6651(a)(1).

---

⁴(...continued)
are assessments not subject to the deficiency procedures and thus are not within the deficiency jurisdiction of this Court.  See secs. 6211, 6212, 6213; see also Estate of Forgey v. Commissioner, 115 T.C. 142, 146 (2000); Meyer v. Commissioner, supra at 560.