T.C. Memo. 2006-165

UNITED STATES TAX COURT

ALFONSO J. AND ELENA L. DIAZ DEL CASTILLO, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1514-05.                    Filed August 14, 2006.

Alfonso J. and Elena L. Diaz Del Castillo, pro sese.

<u>Scott A. Hovey</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GERBER, <u>Judge</u>:  Respondent determined a $2,327.40 deficiency
in petitioners' 2001 Federal income tax.  Respondent's
determination was based on the disallowance of a deduction
claimed on petitioners' 2001 joint Federal income tax return for
an $8,448 charitable contribution carryover.  Petitioners
contend, alternatively, that they are not liable for the

deficiency under any of the following three theories: (1) The statutory notice of deficiency is invalid; (2) respondent is contractually estopped from determining a deficiency for the 2001 tax year; and (3) the manufacturer of the software used by petitioners to prepare their return was responsible for the deficiency, and petitioners should be allowed to interplead and make the software manufacturer a responsible party in this proceeding.

FINDINGS OF FACT

Petitioners resided in Pomfret, Maryland, at the time that their petition was filed in this proceeding. Petitioners timely filed a joint Federal income tax return for 2001 that they prepared using Intuit TurboTax software (Turbotax). The Turbotax software programs are designed so that a taxpayer's responses to questions, ostensibly, are automatically placed onto approved forms, and the tax due or overpaid is automatically computed. The promotional material on the software packaging states that it "double-checks for overlooked deductions, missing information and entries that could trigger an audit * * * [and] [e]ven gives you personalized advice as you go." By this methodology, petitioners provided answers to Turbotax's questions and were able to produce and print a copy of their return, which they signed and submitted to respondent for filing.

Petitioners' Turbotax-generated Federal return contained an $8,448 deduction of a charitable contribution carryover on line 17 of Schedule A, Itemized Deductions, labeled "Gifts to Charity" "Carryover from prior year".  Petitioners were not entitled to deduct an $8,448 charitable contribution carryover from prior years.  Petitioners believe that the $8,448 on line 17 was caused by faulty software in the Turbotax product.  Approximately 2 years after petitioners' 2001 return was filed, on May 13, 2004, respondent sent a letter to petitioners notifying them of a 2001 income tax examination solely involving their claimed "Gifts to Charity."  In that same letter, respondent advised of the intention to disallow their deduction of an "amount you claimed on Line 17 of Schedule A as a carryover contribution from a prior year."

Subsequently, respondent, in a July 7, 2004, letter, provided petitioners with an examination report (30-day letter) explaining the proposed changes to petitioners' 2001 return.  The first page of the July 7, 2004, transmittal letter advised petitioners that they owed income tax in the amount of $1,153.23. On Form 4549, Income Tax Examination Changes, however, the amount of tax due was shown as $2,327.40.  On two other pages of the 30-day letter, the tax due was also shown as $2,327.40, along with interest computed to August 6, 2004, of $201.37, for total tax and interest of $2,528.77.

In response to respondent's July 7, 2004, 30-day letter, petitioners sent a letter, dated July 24, 2004, along with their check in the amount of $1,153.23 to respondent. In that letter, petitioners explained that the $8,448 claimed contribution carryover deduction was an error attributable to Turbotax software. In a September 7, 2004, letter, respondent answered petitioners' July 24 letter, and among other matters, advised petitioners that the changes to their 2001 tax return resulted in a total tax obligation (apparently including interest to August 6, 2004) of $2,528.77. Respondent, on November 5, 2004, sent petitioners a statutory notice of deficiency for their 2001 year determining an income tax deficiency in the amount of $2,327.40. Petitioners thereafter commenced this proceeding.

                              OPINION

The controverted item in this case is an $8,448 contribution carryover deduction. Petitioners do not contend that they were entitled to that deduction. Instead, they make a collateral attack, contending, alternatively, that respondent's deficiency notice was invalid, or that respondent agreed to a lesser deficiency, or that the tax preparation software manufacturer is liable.

Petitioners' first argument is that the 2001 notice of deficiency is invalid. Petitioners argue that the notice has errors and does not reflect the correct amount of income tax

deficiency.  In particular, petitioners argue that the $2,327.40 income tax deficiency determined in the notice differs from the $1,153.23 referenced in the 30-day letter.  That discrepancy, according to petitioners, makes the deficiency notice unclear, inaccurate, and invalid.[1]

The basic minimum requirements for a notice of deficiency are the following:  (1) It must advise a taxpayer that respondent has determined a deficiency for a particular year; (2) it must specify the amount of the deficiency; and (3) it must provide sufficient information to permit the computation of the deficiency.  Portillo v. Commissioner, 932 F.2d 1128, 1132 (5th Cir. 1991), affg. in part and revg. in part T.C. Memo. 1990-68.  The notice of deficiency sent to petitioners is in no way contradictory or unclear on its face.  It meets or exceeds the minimum standards and provides petitioners with the amount, year, and means to compute the deficiency.

Petitioners are correct in their observation that the various tax liability amounts set forth in the 30-day letter are inconsistent.  They are also correct in observing that the

_____

[1] It is not clear how respondent treated the $1,153.23 payment made by petitioners prior to issuance of the notice of deficiency.  It appears that the $1,153.23 was not treated as an assessable payment of tax because the notice determines a $2,327.40 deficiency.  See Rev. Proc. 2005-18, 2005-1 C.B. 798. In any event, respondent has acknowledged petitioners' payment, and the Court expects that petitioners will not be required to pay more than $2,327.40, plus any applicable interest.

amounts on the first page of the 30-day letter and the deficiency notice differ. Petitioners do not argue or contend that the $2,327.40 determined in the deficiency notice is not the correct income tax deficiency that would result based upon the disallowance of the claimed $8,448 contribution carryover deduction.

Respondent counters that the $2,327.40 income tax deficiency set forth in the deficiency notice constitutes a valid determination under the statute. Respondent points out that the deficiency notice is the jurisdictional document upon which this proceeding is based. Additionally, respondent points out that no agreement was reached with petitioners regarding the amount of deficiency attributable to the adjustment disallowing the $8,448 that was erroneously claimed as a contribution carryover. Respondent admits that the $1,153.23 amount stated on the first page of the 30-day transmittal letter that forwarded the examination report to petitioners was incorrect but nevertheless contends that it is not binding.

We agree with respondent. The notices that may precede the statutory notice of deficiency during the administrative portion of the controversy are generally irrelevant to establishing the deficiency amount. See Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324 (1974). It is the determination in the deficiency notice that constitutes respondent's determination or

position from which a taxpayer may appeal to this Court.
Accordingly, we hold that the deficiency notice is adequate and
valid.

Petitioners' second argument is that respondent is limited
to assessing or collecting the $1,153.23 amount stated on the
first page of the 30-day transmittal letter. In that regard,
petitioners correctly point out that respondent stated, albeit
erroneously, that $1,153.23 was the liability that resulted from
the $8,448 correction to their claimed contribution deduction.
In addition, petitioners make the point that they, in reliance on
respondent's statement, paid the $1,153.23 amount. Those events,
contend petitioners, bind the parties to the $1,153.23.

Respondent agrees with petitioners' characterization of the
circumstances and counters that those circumstances do not rise
to the level of a binding agreement or form the basis for an
estoppel. Respondent makes clear that in response to
petitioners' payment of the $1,153.23, he sent a letter followed
by a deficiency notice advising that petitioners' income tax
deficiency was $2,327.40. Respondent also points out that the
Form 4549, forwarded with the 30-day letter and seeking
petitioners' consent to the tax liability, was not executed or
returned by petitioners.

We agree with respondent that payment of the $1,153.23 set
forth in the 30-day letter does not, by itself, rise to the

status of constituting a binding agreement between petitioners and respondent. Nor did these events provide the basis for an estoppel that would have affected the parties' rights. Section 7121[2] permits the Commissioner to enter into binding closing agreements regarding the amount of a taxpayer's income tax liability. A closing agreement, as provided in section 7121, is the prescribed method for the Commissioner to bind himself to a particular tax liability, and other approaches are generally not approved by the courts. See, e.g., Estate of Meyer v. Commissioner, 58 T.C. 69 (1972); see also sec. 301.6213-1(b)(3), Proced. & Admin. Regs.

Respondent's error in the 30-day letter, followed by petitioners' payment, by itself did not result in a meeting of the minds or formal agreement. This is especially so here, where respondent clearly communicated the correct amount of the income tax deficiency in subsequent, but contemporaneous, correspondence and in the notice of deficiency. Accordingly, we hold that respondent is not contractually bound to the lesser amount shown on the first page of the 30-day letter.

Petitioners' final argument, in essence, is that the software manufacturer that produces and sells Turbotax is at fault for any tax deficiency determined in this case.

---

[2] Section references are to the Internal Revenue Code as amended and in effect for the period under consideration.

Petitioners believe that software flaws in the Turbotax program they used to prepare their return caused the erroneous $8,448 contribution carryover deduction.[3]  Petitioners appear to base their theory on Commissioner's Rev. Rul. 85-189, 1985-2 C.B. 341, which considers the question of who is an "income tax return preparer" for purposes of section 7701(a)(36).  In addition, that revenue ruling discusses software developers' potential for liability under tax return preparer penalty provisions.  See secs. 6107(a), 6695(a).[4]  Respondent counters that this case does not involve preparer penalties[5] and that the software manufacturer is not relevant to the resolution of this income tax deficiency case.  Finally, respondent points out that the only issue we consider is whether petitioners are entitled to an $8,448 contribution carryover deduction.

Petitioners have not asserted that they are entitled to the $8,448 contribution deduction.  The focus of their argument is that the software manufacturer should be responsible because of petitioners' belief that the deficiency was caused by Turbotax.

---

[3] Procedurally, petitioners amended their petition in an attempt to interplead the software manufacturer into this income tax deficiency proceeding.  Petitioners also attempted to call an officer of the software manufacturer as a witness.  Ultimately, petitioners were not permitted to interplead the manufacturer.

[4] Respondent did not determine any penalties against petitioners with respect to their 2001 tax year.

[5] If such penalties were in issue, we note that this Court does not have jurisdiction over them.

Petitioners' argument must fail in this proceeding because our jurisdiction is limited to deciding whether petitioners are liable for the deficiency determined by respondent.  This Court is without jurisdiction to join unrelated third parties to an individual taxpayer's deficiency proceeding under the circumstances of this case.[6]

Accordingly, we hold that petitioners are liable for the $2,327.40 income tax deficiency for their 2001 tax year.[7]  To reflect the foregoing,

**Decision will be entered**

**for respondent**.

---

[6] We note that it is petitioners' belief that the software caused the error on their return.  The record in this case does not support or reject petitioners' belief.

[7] As discussed, we note that respondent has acknowledged petitioners' payment of $1,153.23 in response to respondent's 30-day letter.  Accordingly, the amount of tax due from petitioners will be less than the determined deficiency.